Filed 10/8/13  P. v. Brager CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058288 |
| v. | (Super.Ct.No. RIF117630) |
| ROBBIE DEE BRAGER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Robbie Dee Brager of transportation of cocaine base (Health & Saf. Code, § 11352, subd. (a), count 1) and possession of cocaine base for sale (Health & Saf. Code, § 11351.5, count 2).  (*People v. Brager* (Nov. 30,

1

2005, E037951 [nonpub. opn.] (*Brager I*).)[1]  A trial court found that he was previously convicted of a felony within the meaning of Health and Safety Code section 11370.2, subdivision (a), that he had two prior strike convictions (Pen. Code, §§ 667, subds. (c) & (e)(2)(A), 1170.12), and that he had served five prior prison terms (Pen. Code, § 667.5, subd. (b)).  The court sentenced him to 25 years to life in state prison on count 1 and 25 years to life on count 2, but stayed the sentence on count 2 pursuant to Penal Code section 654.

Defendant filed a petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2012)).  The trial court granted the petition and resentenced defendant to 18 years in prison.

Defendant filed a timely notice of appeal.  We affirm.

PROCEDURAL BACKGROUND

On December 4, 2012, defendant filed a petition for resentencing under Penal Code section 1170.126.  The People filed an opposition on the basis that defendant's criminal conviction history indicated that he posed an unreasonable risk of danger to public safety.  On March 8, 2013, the court found defendant eligible for resentencing pursuant to Penal Code section 1170.126 and granted his petition.  The court then explained that, at the time of the original sentencing, it struck the prior prison

---

[1] We take judicial notice of our prior unpublished opinion in *Brager I*.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

enhancements and just imposed the 25-year-to-life term since it considered that term "enough of a punishment." (At the original sentencing hearing, the court stated that 25 years to life was essentially a life sentence since defendant was 51 years old.) The court then vacated the life sentence and resentenced defendant. Noting that the priors were previously found true, the court reimposed them and sentenced defendant as follows: the upper term of five years on count 1, doubled because of the prior strikes, plus a consecutive three years on the Health and Safety Code section 11370.2, subdivision (a) enhancement, and consecutive one-year terms on each of the five prison priors. As to count 2, the court imposed three years, but stayed it pursuant to Penal Code section 654. Thus, the court sentenced defendant to a total term of 18 years in prison. It also recalculated his custody credits.

## ANALYSIS

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and two potential arguable issue: (1) whether when resentencing defendant pursuant to a Proposition 36 recall, the trial court had the jurisdiction to impose prison priors that were previously stricken at the original sentencing hearing; and (2) whether the court abused its discretion in sentencing defendant to an upper term. Counsel has also requested this court to undertake a review of the entire record.

3

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.

We have now concluded our independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

McKINSTER

J.

MILLER

J.